UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GREGORY WILSON, | Civil Action No. 15-7760 (FLW) |
| Plaintiff, | |
| | OPINION |
| v. | |
| CHRIS CHRISTIE, et al., | |
| Defendants. | |

**WOLFSON, United States District Judge:**

**I.   INTRODUCTION**

Plaintiff, who is proceeding *pro se*, is an inmate currently confined at New Jersey State Prison ("NJSP").  In his Complaint, which was originally filed in state court, he alleges that the New Jersey Department of Corrections ("NJDOC") has unlawfully siphoned and/or misappropriated money from the Inmate Welfare Fund ("IWF") in violation of (1) his Eighth and Fourteenth Amendment rights to be free of cruel and unusual punishment; (2) his equal protection rights under the New Jersey Constitution; and (3) public policy.  (*See* ECF No. 1-1, Complaint attached to Notice of Removal.)  Defendants Chris Christie, Gary M. Lanigan, and Stephen D'Ilio (the "Moving Defendants") have moved to dismiss the Complaint on a number of grounds, including failure to state a federal claim for relief.  After liberally construing Plaintiff's Complaint and considering the moving Defendants' arguments, the Court will dismiss the

1

Complaint for failure to state a federal claim for relief, decline supplemental jurisdiction, and remand the matter to state court.

## II.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Court recounts only the facts necessary to this Opinion.  Plaintiff is currently incarcerated at NJSP.  (ECF No. 1-1, Compl. at § 9.)    According to Plaintiff's Complaint, the IWF is governed by N.J.S.A. 30:4.1-1 and related regulations.  (*Id.* at ¶ 2.)  Plaintiff's Complaint alleges that the NJDOC has siphoned $1,675,548,000 from the IWF, and has funneled some of the money into the Department's own general fund in violation of those statutes and regulations.  (ECF No. 1-1, Compl. at ¶¶ 23; 28-34.)  The funds from the IWF "are derived directly from prisoners and their families through profits from the inmate commissary purchases and interest accrued thereon, or from investments, organizational donations, and grants, and the funds are to be used for amenities for the prisoners.  (*Id.* at ¶¶ 3; 23-24.)  These amenities include recreation and sports equipment, television services, awards for prisoner achievements, library books, movies, magazines, other subscriptions, stipends for guest speakers, and other programs.  (*Id.* at ¶ 3.)    Plaintiff alleges that, due to the depletion of funds in the IWF, prisoners cannot obtain suitable recreational equipment, have been denied holiday snacks during family visits, and have incurred additional charges for ice.[1]  (ECF No. 1-1, Compl. at ¶¶ 28-31).

---

[1] Plaintiff's Complaint cites to a number of exhibits as support for his allegations that the NJDOC has been improperly draining and misappropriating funds from the IWF, and indicates in his Complaint that these exhibits are attached to the Complaint. (*Id.* at pg. 5-6)  The Notice of Removal, however, contains only the Complaint with no attachments.  (*See* ECF No. 1-1, Complaint attached to Notice of Removal.  As such, it is not clear whether these exhibits were inadvertently omitted by Plaintiff when he filed his Complaint in state court, or if they were inadvertently omitted by the State when they filed the Notice of Removal.

Plaintiff's Complaint contains three separate grounds for relief.  Count I of the Complaint alleges that the depletion of the IWF by the NJDOC constitutes "cruel and unusual punishment" in violation of the Eighth and Fourteenth Amendments of the United States Constitution. (ECF No. 1-1, Compl. at ¶¶ 47-49.)  Count II of the Complaint alleges violations of Plaintiff's equal protection rights and principles of fundamental fairness under Article 1, Section 1 of the New Jersey Constitution.  (*Id.* at ¶¶ 50-52.)  Count III of the Complaint, alleges "Violation of Public Policy," citing to the state law statutes and administrative regulations that govern the IWF.[2]  Plaintiff has sued only for injunctive/declaratory relief.  (*Id*. at pages 21-22.)

The Defendants moving to dismiss the Complaint are Chris Christie, Governor of the State of New Jersey, Gary M. Lanigan, Commissioner of the NJDOC, and Stephen D'Ilio, Administrator of NJSP.   In addition to Defendants Christie, Lanigan, and D'Ilio, Plaintiff has named as Defendants Mark Farsi, Deputy Commissioner of the NJDOC, Antonio Campos, Associate Administrator of the NJSP, and James Farley, Business Manager for NJSP.[3]

Plaintiff's Complaint is dated April 13, 2015, and was originally filed in the Superior Court of New Jersey, Law Division, Mercer County.  (*See* ECF No. 1-1, Compl. at 1, 22.)  Following service, Defendants Christie, Lanigan, and D'Ilio removed the matter to federal court on October 29, 2015.  (ECF No. 1, Notice of Removal at ¶¶ 1-2.)  On January 13, 2016, Defendants Christie, Lanigan, and D'Ilio moved to dismiss the Complaint.  (ECF No. 8.)

---

[2] Count III of the Complaint is labeled Count IV.

[3] Plaintiff subsequently filed a notice of voluntary dismissal as to Defendants Farsi and Campos. (ECF No. 9.)

Plaintiff filed an opposition brief dated February 7, 2016, which was docketed on February 16, 2016.[4]  (ECF No. 11.)  The Moving Defendants did not submit a reply brief.

### III.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a claim "for failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  On a motion to dismiss for failure to state a claim, the moving party "bears the burden of showing that no claim has been presented."  *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)); *United Van Lines, LLC v. Lohr Printing, Inc.*, No. CIV. 11–4761, 2012 WL 1072248, at *2 (D.N.J. Mar. 29, 2012).  In considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff.  *Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir.2005).  It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Furthermore, a district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims[.]'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 n. 8 (2007) (quoting *Scheuer v. Rhoades*, 416 U.S. 232, 236 (1974)).

In ruling on a motion to dismiss, Courts are required to liberally construe pleadings drafted by *pro se* parties.  *See Tucker v. Hewlett Packard, Inc.*, No. 14-4699 (RBK/KMW), 2015 WL 6560645, at *2 (D.N.J. Oct. 29, 2015) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

---

[4] On August 19, 2016, Plaintiff filed a motion to submit additional exhibits to his Complaint, which includes a recent IWF statement that allegedly supports his state law claims of misappropriation.  (*See* ECF No. 17.)

Such pleadings are "held to less strict standards than formal pleadings drafted by lawyers." *Id.* Nevertheless, pro se litigants must still allege facts, which if taken as true, will suggest the required elements of any claim that is asserted. *Id.* (citing *Mala v. Crown Bay Marina*, Inc., 704 F.3d 239, 245 (3d Cir. 2013)). To do so, [a plaintiff] must plead enough facts, accepted as true, to plausibly suggest entitlement to relief." *Gibney v. Fitzgibbon*, 547 F. App'x 111, 113 (3d Cir. 2013) (citing *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012)). Liberal construction also does not require the Court to credit a *pro se* plaintiff's "bald assertions" or "legal conclusions." *Id.* (citing *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). That is, "[e]ven a *pro se* complaint may be dismissed for failure to state a claim if the allegations set forth by the plaintiff cannot be construed as supplying facts to support a claim entitling the plaintiff to relief. *Id.* (citing *Milhouse v. Carlson*, 652 F.2d 371, 373 (3d Cir. 1981)).

### IV.   ANALYSIS

#### a. Plaintiff's Cruel and Unusual Punishment Claims Under § 1983

The Court first addresses whether Plaintiff's Complaint states a federal claim for relief. The only stated basis for federal jurisdiction in Plaintiff's Complaint is Count I, which alleges a § 1983 claim under the Eighth and Fourteenth Amendments for cruel and unusual punishment. As explained below, however, the factual allegations in Plaintiff's Complaint do not support a federal claim for cruel and unusual punishment under either the Eighth or Fourteenth Amendments, and the remaining two counts of the Complaint appear to allege claims arising solely under state law.[5]

---

[5] As noted in the fact section of the Opinion, Count II of the Complaint alleges that the NJDOC's conduct violates his right to equal protection under the New Jersey Constitution. He does not allege an equal protection claim under the U.S. Constitution. In Count III of the Complaint, he alleges that the NJDOC's conduct violates "public policy," and cites to the state law statutes and administrative regulations that allegedly govern the IWF.

Plaintiff's Complaint provides facts alleging that the NJDOC has siphoned and misappropriated funds from the IWF. However, Count I of the Complaint alleges violations of the Eighth and Fourteenth Amendment prohibitions against cruel and unusual punishment:

> By their customs, policies, and practices, defendants have while acting under color of State law, deprived plaintiff of his right to be free from cruel and unusual punishment in violation of the Eight and Fourteenth Amendment of the United States Constitution, and Article 1, Section 12, of the New Jersey Constitution.

(ECF No. 1-1, Compl. at 19.) The Cruel and Unusual Punishments Clause of the Eighth Amendment proscribes "punishments which are incompatible with the evolving standards of decency that mark the progress of a maturing society."[6] *Tillman v. Lebanon Cty. Corr. Facility*, 221 F.3d 410, 417 (3d Cir. 2000) (citing *Estelle v. Gamble*, 429 U.S. 97, 102 (1976) (internal quotes omitted)). Prohibited are punishments that "involve the unnecessary and wanton infliction of pain, or are grossly disproportionate to the severity of the crime." *Id. Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (citations and internal quotes omitted)). Because the Government assumes responsibility for satisfying a prisoner's basic human needs such as food, clothing, shelter, medical care, and reasonable safety, *see DeShaney v. Winnebago Co. Dep't of Social Svcs.*, 489 U.S. 189, 199–200 (1989), prison conditions may also amount to cruel and unusual punishment if they cause "unquestioned and serious deprivations of basic human needs .... [that] deprive inmates of the minimal civilized measure of life's necessities." *Tillman*, 221 F.3d at 417-18 (citing *Rhodes*, 452 U.S. at 347). It is well-established, however, that "not all deficiencies and inadequacies in prison conditions amount to a violation of a prisoner's

---

[6] Plaintiff is a convicted prisoner. If Plaintiff were a pretrial detainee rather than a convicted prisoner, then the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment, would apply would apply to his claims of cruel and unusual punishment.

constitutional rights." *Fantone v. Herbik*, 528 F. App'x 123, 126–27 (3d Cir. 2013) (citing *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981)).

The factual allegations in Plaintiff's Complaint do not deal with the unnecessary and wanton infliction of pain or the deprivation of basic human needs.  Indeed, Plaintiff explicitly states in his Complaint that funds from the IWF are used to purchase "amenities" for prisoners. Although Plaintiff alleges that, due to the depletion of funds in the IWF, prisoners cannot obtain suitable recreational equipment, have been denied holiday snacks during family visits, and have incurred additional charges for ice (ECF No. 1-1, Compl. at ¶¶ 28-31), these allegations do not make out an Eighth Amendment violation, as the amenities denied are not basic human needs. Plaintiff Complaint does not assert any other basis for relief under § 1983, and his claims related to the siphoning and misappropriation of IWF funds appear to arise under state law.  As such, the Court dismisses with prejudice Plaintiff's § 1983 claim alleging cruel and unusual punishment under the Eighth and Fourteenth Amendments.[7]

### b. Supplemental Jurisdiction Over Remaining State Law Claims

Because the Court has dismissed the federal claims, the remaining potential basis for this Court's jurisdiction over Plaintiff's remaining state law claims is supplemental jurisdiction pursuant to 28 U.S.C. § 1367.  "Supplemental jurisdiction allows federal courts to hear and decide state-law claims along with federal-law claims when they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 387 (1998) (citation and internal

---

[7] The Court also finds that granting leave to amend the Complaint with respect to the Eighth Amendment claim would be futile, *see Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (district court may deny leave to amend under Rule 15(a) when amendment is futile), because Plaintiff has explicitly asserted the IWF is used to fund <u>amenities</u> and not basic needs that the state has a constitutional obligation to provide.

quotation marks omitted).  Where a district court has original jurisdiction pursuant to 28 U.S.C. § 1331 over federal claims and supplemental jurisdiction over state claims pursuant to 28 U.S.C. § 1367(a), the district court has discretion to decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3); *Growth Horizons, Inc. v. Delaware County, Pennsylvania*, 983 F.2d 1277, 1284–1285 (3d Cir. 1993).  In exercising its discretion, "the district court should take into account generally accepted principles of 'judicial economy, convenience, and fairness to the litigants.'"  *Growth Horizons, Inc.*, 983 F.2d at 1284 (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)).  Where the federal claims are dismissed at an early stage in the litigation, courts generally decline to exercise supplemental jurisdiction over state claims. *United Mine Workers*, 383 U.S. at 726; *Growth Horizons*, Inc., 983 F.2d at 1284–1285.

Here, the Court will dismiss the Complaint for failure to state a federal claim for relief, decline supplemental jurisdiction, and remand the matter to the Superior Court of New Jersey, Law Division, Mercer County.[8]  The State's motion to dismiss Plaintiff's state law claims are denied without prejudice, and Defendants may raise any remaining issues before the state court.[9]

---

[8] To the extent Plaintiff attempts to amend his Complaint in state court to allege additional federal claims, Defendants would then be free to remove again.

[9] Although the Court expresses no opinion about the viability of Plaintiff's state law claims, it notes that the gravamen of his state law claims appears similar to the claim asserted by the Plaintiffs in *Urbano v. Board of Managers of New Jersey State Prison,* 415 F.2d 247 (3d Cir. 1969) (abrogated on other grounds as stated in *Stangl v. Port Auth. of Allegheny Cty.*, 181 F. App'x 231, 232 (3d Cir. 2006).  In that decision, the Third Circuit considered a class action brought on diversity grounds by New Jersey prisoners alleging that the Board of Managers of NJSP had mismanaged and misappropriated inmate welfare funds.  The Third Circuit construed Plaintiffs to allege state law claims akin to fraud.  (*See id.* at 250, n. 9.)  The Court held that that abstention was proper because New Jersey had an overriding interest in seeking to develop its own policy where there had been no adjudication by the state courts as to the legal attributes of the fund or what status the inmates had in relation to it.  (*Id.* at 253-57.)  In upholding the dismissal of the Complaint on abstention grounds, the Court stressed that "[o]ur decision in no way prejudices the appellant from resorting to the courts of New Jersey to pursue his cause.

**V.      CONCLUSION**

For the reasons expressed in this Opinion, Plaintiff's Complaint is dismissed for failure to state a federal claim under Fed. R. Civ. P. 12(b)(6); the Court declines supplemental jurisdiction over any remaining state law claims, and the Court remands the matter to the Superior Court of New Jersey Law Division, Mercer County.  An appropriate Order follows.


                                                                           s/Freda L. Wolfson
                                                                           Freda L. Wolfson, U.S.D.J.


Date: August 29, 2016

---

Indeed, the allegations appellant makes are of such nature that the state's interest in the integrity of its own officials and the prison system should be sufficient reason for New Jersey to provide a plain, speedy, efficient and unbiased remedy." (*Id.* at 258.)